AE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN KREY, individually and on behalf of the class defined herein, <br><br> Plaintiff, <br><br> v. <br><br> CASTLE MOTOR SALES, INC., d/b/a CASTLE HONDA, and ASPEN MARKETING SERVICES, INC., <br><br> Defendants. | No. 06 C 4173 <br> Judge Coar <br> Magistrate Judge Denlow |

## FINAL APPROVAL ORDER

1. On March 20, 2007, this Court preliminarily approved the Class Settlement Agreement ("Agreement") reached between Kevin Krey ("Plaintiff") and the class of persons as defined in the Agreement ("Class"); and Castle Motor Sales, Inc. d/b/a Castle Honda. and Aspen Marketing Services, Inc., ("Defendants"). The Court approved a form of notice for mailing to the Class. The Court is informed that actual notice was sent by first-class mail to 20,000 Class members. A total of 2,306 envelopes were returned by the United States Postal Service marked not deliverable with no forwarding addresses available, and 60 envelopes were returned and re-mailed to a forwarding address. As of June 28, 2007, 1,230 claim forms were returned by Class members, including 31 late claim forms and 293 incomplete forms. Thirty Class members requested exclusion and no objections were filed or received.

1

2. On July 12, 2007, the Court held a fairness hearing to which Class members, including any with objections, were invited. The Court, being fully advised in the premises, hereby orders:

3. The Court finds that the Class is appropriate under FED. R. CIV. P. 23.

4. The Court finds that the provisions for notice to the class satisfy the requirements of FED. R. CIV. P. 23 and due process.

5. The Court finds that Defendant has complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

6. The Court finds that the settlement is fair and reasonable, and hereby approves the **CLASS SETTLEMENT AGREEMENT** submitted by the parties, including the release and the payment by Defendant of $272,000 to create a Settlement Fund ("Settlement Fund"). The Court approves payment from the Class Fund of $1,000 to Plaintiff Kevin Krey as an incentive award for his services as Class representative. The Court further approves payment in the amount of 25% of the Settlement Fund ($68,000) for attorney's fees and costs to Class Counsel. Each Class member who returned a claim form shall receive a payment of $100 from the Settlement Fund. The Court permits the claims of the Class members submitting incomplete claim forms or late claim forms that were received by June 28, 2007. The balance of the Settlement Fund, as well as any amounts remaining as a result of uncashed checks issued to Class members, shall be paid as a *cy pres* distribution in equal amounts to the Legal Assistance Foundation of Metropolitan Chicago, and the Equestrian Connection of Lake Forest, Illinois, in accordance with the Agreement.

7. Plaintiff and each member of the Settlement Class (except a Settlement Class member who has obtained proper and timely exclusion from the Settlement Class pursuant to paragraph 12 of the Agreement), their spouses and former spouses, as well as the present, former, and future respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of Plaintiff and each Settlement Class member (except those who have obtained proper and timely exclusion from the Settlement Class pursuant to paragraph12 of the Agreement), hereby release and forever discharge, as of the Effective Date Defendants, as well as MarketerNet, LLC, and Enterprise America, LLC, and Enterprise America Finance, as well as all of their present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, predecessors-in-interest; and all of the aforementioneds' respective present, former, and future officers, directors, employees, shareholders, attorneys, agents, vendors, couriers, independent contractors, and assigns, from any and all rights, duties, obligations, claims, actions, causes of action, or liabilities, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated that, as of the date that the final judgment is entered: (1) arise out of or are related in any way to any or all of the acts, omissions, facts, matters, transactions, or occurrences that were directly or indirectly alleged, asserted, described, set forth, or referred to in the Litigation; (2) are, were, or could have arisen out of or been related in any way to the promotional credit pull and mailer to the Settlement Class. The releases identified in this paragraph shall be referred to herein as the "Released

Claims," and the Parties shall be referred to herein as the "Released Parties." This release is conditioned upon the Settlement becoming effective.

8. Defendants, as well as MarketerNet, LLC., and Enterprise America, LLC, and Enterprise America Finance, for themselves, their successors, predecessors, assigns, as well as their present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, employees, dealerships, agents, attorneys, franchisees, and all of the aformentioneds' respective present, former, and future officers, directors, employees, shareholders, affiliates, subsidiaries, divisions, dealerships, agents, attorneys, and assigns, hereby release and forever discharge each other, as of the Effective Date, from any and all rights, duties, obligations, claims, actions, causes of action, or liabilities alleged in the Litigation and which could have been alleged in the Litigation arising from the promotional credit pull and the mailer sent to the Class Members under the FCRA or for invasion of privacy rights or inadequate disclosures.

9. Without limiting the foregoing, the Released Claims become effective on the Effective Date as defined in the Agreement. The Plaintiff and Settlement Class intentionally and knowingly waive any and all provisions, rights, and benefits conferred by any law of the United States, any state or territory of the United States or any law or principle of common law or equity, which governs or limits a person's release of FCRA claims. Plaintiff and each of the Settlement Class understand and acknowledge that they may discover facts in addition to or different from those that are currently known or believed to be true with respect to the subject matter of the Released Claims, but that it is their intention to fully, finally, and forever settle and release all of the Released Claims, known and unknown, suspected and unsuspected, without

regard to the subsequent discovery or current existence of any such additional or different facts, and in furtherance of such intention, the release of these Released Claims shall be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

10. The individuals listed on Exhibit 1 to this order have requested and are hereby granted exclusion from the Agreement:

11. The Court finds the Agreement fair and made in good faith.

12. The Court dismisses the claims of Plaintiff and the Class against Defendants and the Released Parties with prejudice and without costs (other than what has been provided for in the Agreement).

13. The Court retains jurisdiction over the interpretation, enforcement and implementation of the Agreement and of this Order.

DATE: JUL 12 2007   ENTERED: _____
The Honorable David H. Coar
United States District Judge

## Exclusions

1. Samantha Portillo
2. Sriram Yuvakumar
3. Lisa Lam
4. Arlene Beatty
5. Adrian Pop
6. John R. Smalley
7. Sandra Castillo
8. Chetan Kale
9. Grace Zieba
10. Scott Limbers
11. Gilberto Torres
12. Keith Curtis
13. Sammy Gifford
14. Farida S. Shukla
15. Veronica Aguirre
16. Mary Gordon
17. Anna Perkowski
18. Jacqueline Guerrero
19. Angelita Caraballo
20. Clarissa R. Aleksiewicz
21. Geraldine Nanke
22. Alfred Granderson
23. Ahmad Abu Sabha
24. Ivan Chopov
25. Sarah E. Chiger (Carlson)
26. Sergio Rivera
27. Justo Gomez
28. Barbara Janeczek
29. Joanna Sarajew
30. William I. Bogdanoff

**EXHIBIT 1**